BROWNING, C.J.,
concurring opinion.
I concur in the result, as it is based on binding precedent. However, I think the precedent that sanctions a minor’s waiver of his or her Miranda rights without the consent of the minor’s parents, legal guardian, or attorney is simply bad law and should be changed. It is a paradox to me that minors, who are unable to legally contract in the State of Florida, except in very limited situations, are authorized to waive their Miranda rights. I think the law should be changed to provide that a minor may not waive Miranda rights unless the minor’s attorney, a parent, or a legal guardian consents to the waiver. The law should not sanction a situation, such as here, where a minor is questioned in the presence of his parent and denies committing the crime he was convicted of, but is later removed from the public school system, without either of his parents’ knowledge, and is taken to the police station, where he purportedly waives his Miranda rights under questioning without the minor’s parent’s, attorney’s, or legal guardian’s consent and confesses to the crime. The law should not sanction such a waiver, for all of the reasons society limits a minor’s right to contract, drive, drink, serve in the military, etc. Accordingly, I concur with the majority opinion as a distasteful duty.